## SUPREME COURT.

### Van Heusen & Charles agt. Kirkpatrick.

On bringing an appeal from a justice's court, to the county judge, the payment of the fee of the justice for making the return to the appeal, must be made at the time of the service of the notice of appeal. It is ground for dismissing the appeal, where the return is not made in consequence of the non-payment of such fee.

*Albany Special Term, Feb.* 1851. *Motion to dismiss an appeal.* On the 8th of April 1850, the plaintiffs recovered, in the Albany Justices' Court, a judgment against the defendant for $67·40. On the 27th of April, the defendant made his affidavit and served upon the justices and the plaintiffs copies thereof, with a notice of appeal. The fee prescribed by the 371st section of the Code, was not paid to the justice, at the time the notice of appeal was served. Within the time allowed by law, a counter affidavit was made and served on behalf of the plaintiffs. The justices decline making a return for the reason that the fee required by law to be paid, was not paid when the notice of appeal was served. It also appears that on the 27th of May, one of the attorneys for the appellant tendered to the justices the fee for making a return, which they refused to receive. On the 26th of December 1850, the county judge made a certificate that he was interested in the action, pursuant to the 31st section of the amended judiciary act (*Sess. Laws.* 1847, *p* 643). Before making such certificate, the county judge had made one or two orders, referring the matter for hearing and decision to a referee, but no decision had been had thereon. The plaintiffs move to dismiss the appeal, upon the ground that the fee for making a return to the appeal was not paid to the justices as required by law.

E. J. Sherman, *for Plaintiffs.*

W. Barnes, *for Defendant.*

Harris, Justice.—A justice is allowed a fee of one dollar for making his return to an appeal. If this fee is not paid on the service of the notice of appeal, the justice is not bound to make

Van Heusen & Charles agt. Kirkpatrick.

a return, nor is it in the power of the appellate court to compel such return. The appeal can not be brought to a hearing until the return is made. What, then is to be done in such a case? How is the party against whom an appeal is taken, to put the appellant in motion? It can not be, that such an effect is to be given to the provisions of the Code as to allow a party to perfect his appeal by the service of the proper papers, and then by omitting to pay the requisite fee, to prevent a return being made, and thus obtain a perpetual stay of proceedings; and yet this would be the necessary result of the construction contended for by the appellant's counsel.

It is true, that the due service of the notice of appeal is sufficient to give the appellate court jurisdiction of the case. But it does not follow from this, that the appeal is thereby perfected, or that it can not be dismissed after such notice. On the contrary, the very section of the Code, upon which the appellant's counsel relies, provides that when " *any other act* necessary *to perfect the appeal*" shall have been omitted through mistake, the court may still allow it to be done. Upon an appeal from a justice's court, the payment of the fee requisite to obtain a return, is undoubtedly such an act. The return is necessary to perfect the appeal; until it is made no review can be had—no final determination of the action can be made. If in this case, as there is some reason to believe, the payment of the fee was intentionally omitted at the time of the service of the notice of appeal, then it would not be a case for relief, even upon terms, under the provisions of the 327th section of the Code. But if the payment was omitted through mistake, then he ought still to be permitted to perfect his appeal, if, by any means, he can obtain a return. The justices are under no obligation to make such return, nor has the court the power to require it. But if they can be induced, voluntarily, to make it, the appellant may yet perfect his appeal.

The appellant's counsel seems to have supposed that because the provisions of the former statute relative to appeals (2 *R. S.* 259, § 191,) which declared that no appeal should be valid, or have any effect, unless, among other things, the justice's fee

should be paid within a prescribed time, are omitted in the Code, the payment of such fee could not be regarded as necessary to perfect the appeal; but this view is clearly erroneous. Under the former statute, the fee must be paid within thirty days, or the appeal became ineffectual. This peremptory requirement is omitted in the Code, and yet the payment of the fee is equally necessary as before. Now the appeal may be made effectual, if the return can be procured, although the fee was not paid at the time prescribed by the Code. Under the former statute, there was in fact no appeal, unless within the time prescribed for that purpose the fee was paid. This I understand to be the only difference between the two statutes. The appeal must be dismissed with costs, unless within ten days the appellant shall procure and file in the proper office a return, and pay the costs of this motion.