ELICETT SOUTHARD, RESPONDENT, v. ANDREW PHILIPS, APPELLANT.

*Justice's Court — appeal from — Return — payment of fees for — Code,* § 353.

Upon appeal from a judgment rendered in a Justice's Court, the payment of the fees for making a return is jurisdictional, and without it no appeal can be perfected.

APPEAL from an order of the County Court of Suffolk county, dismissing an appeal from a judgment in favor of the plaintiff, rendered in a Justice's Court.

*George Miller*, for the appellant.

*T. M. Griffing*, for the respondent.

BARNARD, P. J.:

This appeal seems to have been brought under a mistake of law. The appellant claims to reverse the order dismissing an appeal conditionally, for the reason that the appellant had thirty days in which to appeal from a justice's judgment.

By section 353, Code, the time to bring such appeal is limited to twenty days.

The judgment was obtained before the justice on 1st August, 1873. On the sixteenth of August notice of appeal was served on

the justice, and no costs or fee for making a return was paid him. On the 22d of August, 1873, the justice made an affidavit. that no costs or fee for return was paid, and on this affidavit the plaintiff made a motion before the County Court of Suffolk county to dismiss the appeal. The defendant produced an affidavit of a Mr. Benson that he, during the twenty days after the judgment was rendered, offered to pay the amount of the justice's "fees and costs. in this action" on receiving the items, and that the justice promised to send them, which he failed to do. No mention was made of the fee for making return. The County Court on these papers made an order that the appeal be dismissed unless the return be filed in ten days, and from the order the defendant appeals to this court.

There was no appeal. The payment of the fee for making the return is jurisdictional; without it the appeal was not perfected. This has been repeatedly held in this court. The County Court should have dismissed the appeal absolutely.

The order appealed. from should be affirmed with costs and disbursements. ·

PRATT, J.:

The time for appealing from a judgment rendered by a justice of the peace, is limited to twenty days after the rendition of the judgment. (Code, § 353.)

In order to perfect the appeal, it is necessary, not only, that the notice be served on the justice and on the adverse party, but also that the costs, and the fee of two dollars for making a return, be paid to the justice at the time of the service of the notice of the appeal on him. (Sec. 354.)

The appellant confessedly failed to comply strictly with the requirements of the statute. Instead of paying or tendering to the justice the costs and fees, he chose to wait for the justice to send a statement of the amount required, and payment was not actually made until long after notice of the motion to dismiss the appeal was served.

It has been held that service of the notice of appeal gives the appellate court jurisdiction of the case, but the omission to pay the costs and fees at the time of service of the notice, is good ground

for dismissing the appeal. (*Van Heusen* v. *Kirkpatrick*, 5 How. Pr., 422.)

The county judge followed the practice adopted by Mr. Justice HARRIS in the case above cited, and granted an order dismissing the appeal, unless the appellant should cause the proper return to be filed within ten days, and pay costs of the motion. The order certainly does the appellant no injustice; it gave him a favor to which he was not strictly entitled. It is always hazardous to substitute something else for a strict compliance with the plain provisions of a statute; and when a party does it he must abide by the consequences.

The point made by the appellant, that the motion was premature, is based on the erroneous assumption that the term limited for perfecting the appeal is thirty instead of twenty days.

The order appealed from should be affirmed with costs.

TALCOTT, J., concurs in opinion of BARNARD, P. J.

Judgment of County Court affirmed, with costs.