Matteson agt. Hall.

## SUPREME COURT.

Hamson S. Matteson, respondent, agt. Alven H. Hall, appellant.

*Justices court—Appeal to county court—When appellant may demand new trial in appellate court — What order of county court appealable — Code of Civil Procedure, sections* 1342, 3062, 3068, 3063, 2940, 2949.

Defendant served in time regularly a notice of appeal from a justice's judgment, to the county court, and in the notice of appeal inserted the words, viz. : "Said appellant hereby demands a new trial in the appellate court." Thereupon, the plaintiff, upon an affidavit and notice of motion, asked the county court to dismiss the appeal. The notice of motion points out no irregularity or grounds for dismissing the appeal to the county court. But the affidavit used upon the motion referred to the pleadings in the justice's court, and added that the plaintiff was informed by counsel, and verily believe that a new trial of such action could not be claimed or had in the county court, and that said appeal is unauthorized by law, and cannot be sustained. On motion of plaintiff the appeal was dismissed, unless the defendant amend his answer and pay plaintiff's attorney ten dollars costs of the motion. On appeal from such order:

*Held, first,* that the order made by the county court, dismissing the defendant's appeal to that court, is appealable.

*Second.* No sufficient reason was presented to the county court for dismissing the appeal, unless the defendant amend his answer and pay plaintiff's attorney ten dollars costs of motion.

*Third.* The appeal to the county court was regular, and the appellant was entitled to have either a new trial in that court, or a hearing and consideration by the county court of the questions of law presented by the appeal.

*Fourth.* The defendant had, by his answer, denied all the allegations of

the complaint, and that formed an issue upon which he was entitled to have his appeal determined without an amendment, even if the second branch of his answer was defective. This would be so whether there was a new trial in the county court or simply a hearing of the appeal upon the questions of law.

*Fourth Department, General Term, March,* 1882.

*James A. Ward,* for appellant.

*H. Clay Hawes,* for respondent.

HARDIN, *J.*—Jefferson county court, upon the 19th day of September, 1881, granted an order on the motion of the plaintiff, whereby the appeal taken by defendant, from a judgment rendered by a justice of the peace, was "dismissed unless the defendant amend his answer and pay plaintiff's attorney ten dollars costs of the motion." Defendant appeals from such order.

The defendant served in time, regularly, a notice of appeal to the county court, August 13, 1881, and in the notice of appeal inserted the words, viz., "said appellant hereby demands a new trial in the appellate court."

Thereupon, the plaintiff, upon an affidavit and notice of motion, asked the county court to dismiss the appeal. The notice of motion points out no irregularity or ground for dismissing the appeal to the county court of Jefferson county. But the affidavit used upon the motion refers to the pleadings in the justices' court, and adds that the plaintiff is informed by counsel, and verily believes that a new trial of such action could not be claimed or had in the county court, and that said appeal is unauthorized by law, and cannot be sustained."

1. The order made by the county court, dismissing defendant's appeal to that court, is appealable (*Chap.* 135 *of the Laws of* 1881).

2. No sufficient reason was presented to the county court for dismissing the appeal, "unless the defendant amend his answer and pay plaintiff's attorney ten dollars costs of motion."

3. The appeal to the county court was regular, and the appellant was entitled to have either a new trial in that court, or a hearing and consideration by the county court of the questions of law presented by the appeal (*Code of Civil Pro.*, secs. 3062, 3C68; *Houghton* agt. *Kenyone*, 38 *How. R.*, 107, 110).

If the case is one in which the appellant is not entitled \* \* \* to a new trial in the appellate court, *as prescribed* in section 3068, the appeal may be brought to a hearing in the appellate court. Then section 3063 provides that in a case specified in the last section, *the appeal* must be heard upon the original papers." \* \* " The appellate court *must render judgment* according to the justice of the case." \* \*

" It may affirm or reverse the judgment of the justice in whole or in part." \* \* If the defendant is not entitled to a new trial, the county court was in duty bound to obey the provisions we have quoted from section 3063.

4. The defendant had by his answer denied all the allegations of the complaint, and that formed an issue upon which he was entitled to have his appeal determined without an amendment, even if the second branch of his answer was defective.

This would be so whether there was a new trial in the county court or simply a hearing of the appeal upon the questions of law.

5. The plaintiff seems to have supposed that there could not be a new trial in the county court, as there was no formal demand for judgment in the answer of the defendant for more that fifty dollars. That answer did allege an indebtedness of the plaintiff to the defendant in a sum exceeding fifty dollars.

That answer was not required to be in any particular form in justices' courts (*Code Civ. Pro., sec.* 2940).

Was it so expressed as to enable a person of common understanding to know what was intended? If good as a counter-claim though no formal prayer is inserted for judgment. Do the words of section 2949 apply when it is

Matteson agt. Hall.

declared that if the counter-claim " exceeds the plaintiff's demand, the defendant must have judgment for the excess or so much thereof as is due from the plaintiff." * * The language of section 3068, " where an issue of fact * * was joined before the justice *and the* sum for which *judgment was demanded* by *either* party in his pleading, exceeds fifty dollars * * the appellant may in his notice of appeal *demand* a new trial in the appellate court, and thereupon *he is entitled thereto,* * *" is broad and differs in some respect from section 352 of the old Code.

In section 352, old Code, the language used as to claims for which judgment was demanded in general cases was, " shall exceed fifty dollars." Whereas the language used as to cases where the action was to recover the possession of personal property, it was that if the value of the property as assessed and the damages recovered shall exceed fifty dollars exclusive of costs.

The words *exclusive of costs* are left out of section 3068. And it may be considered an open question as to whether the rule which the old section prescribed as to one or the other class of cases has been enacted in section 3068.

If the "sum for which judgment was demanded " is to exceed fifty dollars as to damages, then the plaintiff in this case did not demand judgment for a sum which exceeds fifty dollars.

His demand was for the sum of fifty dollars besides costs.

For the reasons already stated we must reverse the order and therefore we do not pass upon the questions just alluded to, as it should first be presented to and determined by the county court.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

SMITH, P. J., and HAIGHT, J., concurred.