KIMBALL *et al. v.* RICH.

*(Superior Court of Buffalo, General Term.* December 31, 1888.)

JUSTICES OF THE PEACE—APPEAL—NOTICE—TRIAL DE NOVO.

Under Code Civil Proc. N. Y. tit. 8, relating to appeals from justices of the peace, an appeal, in a case where a new trial cannot be had in the appellate court, will not be dismissed because appellant, in his notice of appeal, demands a new trial, but the appeal will be heard on the law.

Appeal from municipal court.

Motion by plaintiff to dismiss the appeal.

*O. C. De Witt,* for appellant. *George W. Wheeler,* for respondent.

HATCH, J. The defendant appeals from a judgment rendered against him by the municipal court of Buffalo. By the return of the judge it appears that the sum for which judgment was demanded did not exceed $50. No retrial of the case can therefore be had in the appellate court. In the notice of appeal served defendant has demanded a new trial. Plaintiff now insists that as a new trial cannot be had, the appeal is not authorized by the Code of Procedure, and that no appeal has in law been taken. In support of this position plaintiff relies upon *Thorn* v. *Roods,* 47 Hun, 433. In that case the supreme court, Third department, affirmed an order refusing an amendment of a notice of appeal, and dismissing the appeal, in a case where the defendant, intending to appeal upon the law, had omitted to erase from the printed blank notice of appeal, "the appellant demands a new trial in the appellate court." The ground of this decision seems to be that the Code provides for two classes of appeals,—one upon the law, and the other for a new trial; that the notice of appeal containing the demand characterized the appeal; and, the time having expired in which an appeal upon the law might be taken, the court had no power to grant the amendment, as its effect would be to perfect another and different appeal, transferring the appeal taken into an appeal for a different purpose, and, under color of amendment, extend the time for taking an appeal. With hesitation I announce a dissent from this conclusion. Code Proc. c. 19, provides for courts of justices of the peace, and proceedings therein. Title 8, art. 1, provides for appeals generally, and by section 3044 it is provided that the only mode of reviewing a judgment rendered by a justice of the peace in a civil action is by appeal. By section 3046 such appeal is taken by serving upon the justice who rendered the judgment, and upon the respondent, a written notice of appeal. The notice here provided for is the only mode by which such appeals may be brought up for review. Article 3, under the head of "Appeal for a New Trial in the Appellate Court," provides, by section 3068: "Where an issue of fact or an issue of law was joined before the justice, and the sum for which judgment was demanded by either party in his pleading exceeds fifty dollars, * * * the appellant may, in his notice of appeal, demand a new trial in the appellate court, and thereupon he is entitled thereto." It thus appears that the primary right entitling the appellant to a retrial in the appellate court rests in the fact that the sum for which judgment was demanded must have exceed $50, but this fact alone does not entitle him to such retrial. He is required to express his desire by a demand for a new trial contained in the notice, else he cannot insist upon it. Without the concurrence of these two facts no new trial can be had. The only office, therefore, of the demand contained in such notice, is to give notice that appellant insists upon the right secured by the section, for in all other respects the notice is the same as an appeal upon the law. Article 2, under the head of "Appeal where a New Trial is not Had in the Appellate Court," provides by section 3062: "If the case is one where the appellant is not entitled to, or has not demanded, a new trial in the appellate court, as prescribed in section 3068 of this act, the appeal may be brought to a hearing in the appellate court, at

.any term thereof at which such an appeal can be heard, held after the return
is filed, upon a notice by either party of not less than eight days." And by
section 3063 it is provided that, in a case specified under the section last
.above, the appeal must be heard upon the original papers or certified copies.
By all the sections quoted it appears that an appeal is always to be heard by
the court, except in a case prescribed by section 3068, and where the demand
therein provided for is inserted in the notice of appeal. The language of sec-
tion 3062 is: "If the case is one where the appellant is not entitled to, or be-
ing so entitled has not demanded, a new trial, the appeal is to be heard upon
the original papers." The Code is silent upon the effect of the demand, ex-
cept in the case provided for it; but it says in terms that, if the case is one
where he is not as a matter of law entitled to a new trial, it shall be heard
upon the original papers or certified copies, and shall also be heard in any
event, unless, being entitled to the new trial, he demands it. The law pri-
marily gives the right to a new trial. The demand is essential only to evidence
the intent of the appellant to avail himself of the right thus secured to him.
Such demand is nugatory when no right exists. It adds nothing to, nor does
it take anything away from, the legal rights of the parties. Their rights are
settled by the statute, and, as so settled, they are the right to a new trial when
the demand for judgment exceeds $50, and in the notice of appeal the appel-
lant demands it; or where the judgment demanded does not exceed $50, or,
the amount so exceeding $50, the appellant does not demand a new trial, the
appeal is to be heard by the court upon the original papers or certified copies.
This view finds support in the provision of the Code providing for the return
of the justice. By section 3053 it is provided that the justice must after 10,
and within 30, days from the service of the notice of appeal, make a return to
the appellate court, which must contain all proceedings, including the evi-
dence and the judgment, "unless the appellant has in his notice of appeal de-
manded a new trial, in a case where he is entitled thereto, as prescribed in
.article third of this title." In the latter case the justice is not required to re-
turn the evidence, but only the process, pleadings, and a brief statement of
the amount and nature of the claims litigated. The direction contained in
this return is absolute and mandatory. The justice must make a return. The
returns are to be different in character. One calls for the evidence and all
the proceedings; the other, the process, pleadings, and statement. The ap-
pellant is not entitled to the latter unless he demands a new trial, and unless
it be a case where he is thereto entitled these two facts must concur. The
.appellant may demand a new trial, but, unless it be a case where by law he
is entitled to it, such demand has no force, but the justice is not thereby ab-
solved from the duty of making a return. It simply determines the character
of the return which he shall make, for in any event there is to be a return.
The legislature would hardly have prescribed for a return in a case where the
court would have no jurisdiction to entertain any proceedings thereon. The
process which confers jurisdiction upon the court is the notice of appeal,
(*Dudley* v. *Brinkerhoff,* 27 N. Y. Wkly. Dig. 140;) and the amount claimed in
the pleadings determines the right to a retrial in the appellate court, (*Hayes*
v. *Kedzie,* 11 Hun, 577.)

This, supplemented by a demand in the notice of appeal, secures to the ap-
pellant such right, but the demand alone does not confer it; and, where such
right does not exist, I think the demand is to be treated as surplusage, and
the appeal becomes one to be heard upon the original papers or certified copies,
by the court, and these are the papers which the justice is required to return
upon the service of such notice. This construction is in harmony with the
practice of the courts in many cases. In *Matteson* v. *Hall,* 64 How. Pr. 515,
the general term, Fourth department, reversed an order of the county court
dismissing an appeal, where the appellant demanded in his notice a new trial;
holding that it should be heard as an appeal upon the law. In *Houghton* v.

*Kenyon,* 38 How. Pr. 107, the county court of Herkimer county held a like doc-- trine. This decision was cited with approval in *Denniston* v. *Trimmer,* 27 Hun, 393. In *Hinkley* v. *Railroad Co.,* 42 Hun, 281, the defendant appealed, and demanded a new trial in his notice of appeal. The plaintiff made a motion. to have the cause placed upon the law calendar for a hearing as an appeal upon the law. The county court denied the motion. Upon appeal, the supreme court, Third department, reversed the decision, holding the appeal to be upon questions of law, and granted the motion. In *Denniston* v. *Trimmer,* 27 Hun, 393, an appeal was taken to the county court for a new trial. The county court granted a motion striking out the counter-claim of defendants, under which a-- new trial was claimed, and ordered the appeal heard upon the law. On appeal the supreme court, Fourth department, affirmed the order. *Brooks* v. *St. John,* 25 Hun, 540. By reason of a false return, which omitted the judg-- ment clause of the answer, an appeal for a new trial was held to be upon the law, and so heard. In *Harvey* v. *Van Dyke,* 66 How. Pr. 396, the defendant. appealed from a judgment rendered against him, and in his notice of appeal demanded a new trial. The plaintiff moved in the county court for an order placing the cause upon the law calendar of the court for argument. The county court denied the motion. The general term, Third department, re-- versed the order, holding that the case could, under the pleadings, only be heard upon questions of law, and that the motion should be granted. Adopt-- ing the construction of the Code as herein indicated, it follows that the motion. to dismiss should be denied, and the appeal heard by the court upon the law.

All concur.