Hatch, J.
The defendant appeals from a judgment rendered against him by the municipal court of Buffalo. By the return of the judge it appears that the sum for which judgment was demanded did not exceed fifty dollars; no retrial of "the case can, therefore be had in the appellate court. In the notice of appeal served, defendant has demanded a new trial; plaintiff now insists that as a new trial cannot be had, the appeal is not authorized by the Code of Procedure, and that no appeal has in law been taken. In support of this position plaintiff relies upon Thorn v. Roods, 14 N. Y. State Rep., 345.
In that case the supreme court, third department, affirmed an order refusing an amendment .of a notice of appeal, and dismissing the appeal, in a case where the applicant intending to appeal upon the law, had omitted to erase from the printed blank notice of appeal. “ The appellant demands a new trial in the appellate court.” The ground of this decision seems to be, that the Code provides for two classes of appeals; one upon the law and the other for a new trial-that the notice of appeal containing the demand characterized the appeal, and the time having expired in which an appeal upon the law might be taken, the court had no-power to grant the amendment, as its effect would be to-perfect another and different appeal, transferring the appeal taken into an appeal for a different purpose, and under color of amendment extend the time for taking an appeal. With hesitation I announce a dissent from this conclusion.
Code of Civil Procedure, chapter 19, provides for courts of justices of the peace, and proceeding therein. Title 8, article first provides for appeals generally and by section 3044 it is provided that the only mode of reviewing a judgment rendered by a justice of the peace in a civil action is by appeal. By section 3046 such appeal is taken by a serving upon the justice who rendered the judgment, and upon the respondent, a written notice of appeal. The notice here provided for is the only mode by which such appeals may be brought-up for review. Article third, under the head of ‘ ‘ Appeal for a new trial in the appellate court,” provides by section 3068, “ Where an issue of fact or an issue of law was joined *155 before the justice and the sum for which judgment was demanded by either party in his pleading exceeds fifty dollars * * * the appellant may, in his notice of appeal, demand a new trial in the appellate court and thereupon he is entitled thereto.”'
It thus appears that the primary right entitling the appellant to a re-trial in the appellate court rests in the fact, that the sum for which judgment was demanded, must have exceeded fifty dollars, but this fact alone does not entitle him to such re-trial; he is required to express his desire, by a demand for a new trial contained in the notice else he cannot insist upon it. Without the concurrence of these two facts no new trial can be had. The only office, therefore, of the demand contained in such notice, is to give notice that appellant insists upon the right secured by the section, for in all other respects, the notice is the same as an appeal upon the law. Article second, under the head of “ appeal where a new trial is not had in the appellate court,” provides by section 3062, “ If the case is one where the appellant is not entitled to, or has not demanded a new trial in the appellate court, as prescribed in section 3068 of this act, the appeal may be brought to a hearing in the appellate court, at any term thereof, at which such an appeal can be heard, held after the return is filed, upon a notice by either party of not less than eight days.” And by section 3063 it is provided that in a case specified under the section last above, the appeal must be heard upon the original papers or certified copies. By all the sections quoted it appears than an appeal is always to be heard by the court except in a case prescribed by section 3068, and where the demand therein provided for is inserted in the notice of appeal. The language of section 3062 is, if the case is one where the appellant is not entitled to or being so entitled has not demanded a new trial, the appeal is to be heard upon the original papers. The Code is silent upon the effect of the demand except in the case provided for it, but it says in terms that if the case is one where he is not as a matter of law entitled to a new trial, it shall be heard upon the original papers or certified copies, and shall also be heard in any event, unless, being entitled to the new trial, he demands it. The law primarily gives the right to a new trial; the demand is essential only to evidence the intent of the appellant to avail himself of the right thus secured to him. Such demand is nugatory when no right exists; it adds nothing to, nor docs it take anything away from the legal rights of the parties; their "rights are settled by the statute, and as so settled they are the right to a new trial when the demand for judgment exceeds fifty dollars, and in the notice of appeal the appellant demands it, or where *156 the judgment demanded does not exceed fifty dollars, or the amount so exceeding fifty dollars the appellant does not demand a new trial, the appeal is to be heard by the court upon the original papers or certified copies. This view finds support in the provision of the Code providing for the return of the justice. By section 3053 it is provided that the justice must, after ten and within thirty days from the service of the notice of appeal, make a return to the appellate court which must contain all proceedings, including the evidence and the judgment, “unless the appellant has, in his notice of appeal, demanded a new trial, in a case where he is entitled thereto, as pre-' scribed in article third of this title.”
In the latter case the justice is not required to return the evidence, but only the process, pleadings and brief statement of the amount and nature of the claims litigated. The direction contained in this section is absolute and mandatory; the justice must make a return; the returns are to-be different in character; one calls for the evidence and all the proceedings, the other the process, pleadings and statement. The appellant is not entitled to the latter unless he demands a new trial, and unless it be a case where he is thereto entitled, these two facts must occur. The appellant may demand a new trial, but unless it be a case where, by law, he is entitled to it, such demand has no force, but the justice is not thereby absolved from the duty of making a return; it simply determines the character of the return which he shall make, for in any event there is to be a return. The legislature would hardly have prescribed for a return in a case where the court would have no jurisdiction to entertain any proceedings thereon. The process-which confers jurisdiction upon the court is the notice of appeal. Dudley v. Brinkerhoff, 27 N. Y. Week. Dig., 140. And the amount claimed in the pleadings determines the-right to a re-trial in the appellate court. Hayes v. Kedzie, 11 Hun, 577.
This, supplemented by a demand in the notice of appeal, secures to the appellant such right, but the demand alone does not confer it, and where such right does not exist we think the demand is to be treated as surplusage, and the appeal becomes one to be heard upon the original papers or certified copies, by the court, and these are the papers which the justice is required to • return upon the service of such notice. This construction is in harmony with the practice of the courts in many cases.
In Matteson v. Hall (64 How. Pr., 515), the general term, fourth department, reversed an order of the county court dismissing an appeal where the appellant demanded in his- *157 notice a new trial, holding that it should be heard as an appeal upon the law.
In Houghton v. Kenyon (58 How. Pr., 107), the county court of Herkimer county held a like doctrine. This decision was cited with approval in Denniston v. Trimmer, 27 Hun, 393.
In Hinkley v. Troy and Albia R. Co. (4 N. Y. State Rep., 793), the defendant appealed and demanded a new trial in his notice of appeal. The plaintiff made a motion to have the cause placed upon the law calendar for a hearing as an appeal upon the law. The county court denied the motion. Upon appeal the supreme court, third department, reversed the decision, holding the appeal to be upon questions of law, and granted the motion.
In Denniston v. Trimmer (27 Hun, 393), an appeal was taken to the county court for a new trial. The county court granted a motion striking out the counter-claim of defendants, under which a new trial was claimed, and ordered the appeal heard upon the law. On appeal, the supreme court, fourth department, affirmed the order. Brooks v. St. John, 25 Hun, 540.
By reason of a false return which omitted the judgment clause of the answer, an appeal for a new trial was held to be upon the law, and so heard.
In Harvey v. Van Dyke (66 How. Pr., 396) the defendant appealed from a judgment rendered against him, and in his notice of appeal demanded a new trial. . The plaintiff moved in the county court for an order placing the cause upon the law calendar of the court for argument. The county court denied the motion. The general term, third department, reversed the order holding that the case could, under the pleadings, only be heard upon questions of law, and that the motion should be granted.
Adopting the construction of the Code as herein indicated, it follows that the motion to dismiss should be denied, and the appeal heard by the court upon the law. All concur.