ulations for the running of trains, which are proper and suitable, with a view to the safety of employés, are prescribed, obedience to these regulations by those having charge of a train is matter of executive detail, and for a disobedience of them which causes injury to a co-employé the master is not liable. Slater v. Jewett, 85 N. Y. 61. Whether the rules are best for the purpose, or the most complete, is not a proper matter for the consideration of the jury, where the injury was the result of the negligence of a co-employé, in violation of a rule prescribed for the particular circumstance. Corcoran v. Railroad Co., 126 N. Y. 673, 27 N. E. 1022. In Simpson v. Railroad Co., 5 App. Div. 614, 39 N. Y. Supp. 464, plaintiff's train was running on telegraph orders, and was entitled to the right of way; and he contended that, if a rule had been adopted that all trains should be kept off the main line while detained at stations awaiting orders, the collision would not have occurred. The court answered:

"So long as the rules promulgated will, if observed, secure safety, it is wiser to leave the making of the new rules to the company."

In Berrigan v. Railroad Co., 131 N. Y. 584, 30 N. E. 58, it was pertinently observed:

"It is easy enough, after an accident has occurred, to suggest how it might have been prevented. In the absence of proof of other roads having the proposed rule, or of persons possessing peculiar skill and experience in the management and operation of railroads, to the effect that such a rule is necessary, the court is not warranted in submitting such questions to the jury."

And in another case it was observed that:

"Even if it could be shown after the accident occurred that it might have been prevented by adopting and enforcing some suitable rule, that would constitute no proper test of liability." Morgan v. Iron Co., 133 N. Y. 666, 670, 31 N. E. 234, 236.

In my opinion, and for the foregoing reasons, the judgment herein, and the order denying the motion for a new trial, must be reversed, and a new trial ordered, with costs to abide the event of the action.

Judgment and order reversed, and new trial ordered, with costs to abide the event. All concur.

---

### In re RAFFERTY.

(Supreme Court, Appellate Division, Fourth Department. February 9, 1897.)

1. ANIMALS—SALE OF ESTRAYS—ACTION FOR SPECIAL PROCEEDING.
   A proceeding on a petition for the sale of estrays (Code Civ. Proc. §§ 3084–3091) is a special proceeding, and not an action.

2. APPEAL—DECISIONS REVIEWABLE—SPECIAL PROCEEDING.
   No appeal lies to the appellate division of the supreme court from a judgment of a county court on appeal from a justice of the peace in a special proceeding; Code Civ. Proc. § 1357, providing for an appeal from any court of record in proceedings "instituted therein," or "instituted before another judge, and transferred to or continued before the judge who made the final order," and there being no other provision for appeals in special proceedings except from the supreme court.

Appeal from Wyoming county court.

Petition of James Rafferty for the sale of certain animals seized by him as estrays, and for the appropriation of the proceeds of such

sale; Thomas Murray appearing as owner. From a judgment of the county court reversing a final order of a justice of the peace of the town of Java in favor of petitioner, he appeals. Dismissed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Charles F. Tabor, for appellant.

E. E. Charles, for respondent.

GREEN, J. Proceedings were instituted, under section 3084 of the Code of Civil Procedure, by James Rafferty, as overseer of road district No. 6 in the town of Java, before a justice of the peace of that town. The petitioner was successful, and a final order in such proceedings was made by the justice. From that order the owner of the animals appealed to the county court of Wyoming county, where the final order so made by the justice of the peace was reversed, with costs. Thereupon a judgment for costs was entered in favor of the owner of the animals against the petitioner. From the last-named order and judgment this appeal was taken.

This proceeding was instituted by petition under special provisions of the statute relating to "animals straying." This is a special proceeding, and not an action. "A civil action is defined to be an ordinary proceeding in a court of justice by which one side prosecutes another for the enforcement or protection of a right, or for the redress or prevention of a wrong. Every other civil remedy is defined to be a special proceeding. An action is commenced by the service of a summons in some one of the modes prescribed by law, and it is plain that no proceeding can be an action unless it be such that it can be commenced by the service of summons on the opposite party; and pleadings—that is, the allegations of the cause of action on the one side, and, unless there be default, of the defense upon the other—are incidents to every action." Roe v. Boyle, 81 N. Y. 306. This is not an ordinary proceeding; it is specially regulated by statute. There are no pleadings, and it can be tried only in the manner provided by statute. Special provision is made by statute permitting an appeal from the final order of the justice to the county court, but there is no special provision of the statute permitting an appeal from the final decision and order of the county court in such a proceeding. In the absence of such special provision, the jurisdiction of this court over appeals in special proceedings is defined and regulated by sections 1356 to 1361, inclusive, of the Code of Civil Procedure; and, unless authority for this appeal can be found there, it does not exist. Section 1356 provides that an appeal may be taken to this court from an order affecting a substantial right, made in a special proceeding at a special term or a trial term of the supreme court, or made by a justice thereof in a special proceeding instituted before him, pursuant to a special statutory provision, or instituted before another judge, and transferred to or continued before him. This section has reference only to orders made by the supreme court, or a justice of the supreme court. Section 1357 provides that an appeal may also be taken to this court from an order

affecting a substantial right, made by a court of record possessing original jurisdiction, or a judge thereof, in a special proceeding instituted in that court, or before a judge thereof, pursuant to a special statutory provision; or instituted before another judge, and transferred to or continued before the judge who made the final order. The appeal in this proceeding is not given under any of the provisions of this section. This order was not made by a court of record in a special proceeding instituted in that court, nor by a judge of said court, pursuant to a special statutory provision; neither was it instituted before another judge, and transferred to or continued before the judge who made the final order. I am of the opinion that the last provision relates to a proceeding transferred from one judge to another in the same court. In any event, it does not cover this proceeding, for here the final order of the justice of the peace before whom the proceeding was instituted was appealed to the county court of Wyoming county, and the order reversing the same was made by that court. It appears clear to me that the legislature purposely omitted making any provision for the allowance of an appeal to this court from an order of the county court made upon appeal from an order in special proceedings instituted before a justice of the peace. The appeal, therefore, to this court is unauthorized.

This point was not made upon the argument, nor is it touched upon in the briefs of the respective counsel, who undoubtedly assumed that the appeal was authorized. Notwithstanding this, if the appeal is unauthorized, it should not be entertained by this court. "Consent does not confer jurisdiction upon this court to hear an appeal. Our jurisdiction must be obtained by compliance with the provisions of law conferring appellate jurisdiction." Avery v. Woodin, 44 Hun, 270. I therefore conclude that the proper disposition of this case requires the appeal to be dismissed.

Appeal dismissed, without costs. All concur.