(36 Misc. Rep. 53.)

## KING v. NORTON.

(Supreme Court, Special Term, Erie County. October, 1901.)

1. APPEAL FROM MUNICIPAL COURT—NEW TRIAL.
    Under Buffalo charter and Code Civ. Proc. § 3068, an appeal does not lie from the municipal court of Buffalo to the supreme court of the county demanding a new trial, where neither party in his pleadings has demanded judgment exceeding $50.

2. SAME.
    A demand for new trial on appeal from the municipal court may be treated as surplusage, and the appeal heard on the law.

3. SAME—DISMISSAL.
    Where on appeal from the municipal court no return is made by the court below, as required by Code, § 3053, because of failure of appellant

to pay stenographer's fees, the appeal will be dismissed, unless within 10 days appellant procures filing of return and payment of costs of motion, whether appellant should have paid the stenographer's fees or not.

4. SAME—JURISDICTION BY STIPULATION.

As right to new trial does not exist where, on appeal from municipal court, neither party demanded judgment for more than $50, their stipulation for new trial can confer no jurisdiction.

Appeal from municipal court of Buffalo.

Action by Thomas King against P. W. Norton. From a judgment for plaintiff in the municipal court, defendant appeals. Dismissed.

George N. Bauder, for appellant.
John W. Wartman, for respondent.

KENEFICK, J. The notice of appeal demanded a new trial in this court. Neither party had demanded in his pleadings judgment exceeding $50; therefore appellant was not entitled to a new trial in this court. Buffalo Charter (Laws 1891, c. 105, § 457, and Laws 1895, c. 805, § 33); Code Civ. Proc. § 3068. The demand for a new trial may be treated as surplusage, and the appeal heard upon the law. Kimball v. Rich (Super. Buff.) 3 N. Y. Supp. 248.

No return has been made to this court by the court below, as required by section 3053 of the Code, and the alleged reason for such omission is the failure of the appellant to pay the stenographer's fees for a transcript of the evidence to attach to the other proceedings in the case. While I am not entirely convinced that under the provisions of the city charter (sections 464, 468; Laws 1898, c. 101, § 5; Laws 1893, c. 245, § 8) the appellant is required to pay for such transcript, yet it still remains his duty to perfect his appeal by securing the filing of the return, either by paying the stenographer's fees, if the charter provisions above referred to require such payment, or, if they do not, then by compelling the making and filing of a return under section 3055 of the Code. The appeal must be dismissed, with costs of this motion, unless within 10 days the appellant shall procure the filing of a return, and pay the costs of this motion. Van Heusen v. Kirkpatrick, 5 How. Prac. 422; Southard v. Philips, 7 Hun, 18.

The claim made upon the argument that, notwithstanding the appellant has no right to a new trial in this court under the provisions of law referred to, yet he acquired such right by virtue of a stipulation entered into between the appellant and respondent, cannot be maintained, even assuming the respondent intended to confer such a right under the stipulation. Consent cannot confer jurisdiction over the subject-matter where none exists by law. McMahon v. Rauhr, 47 N. Y. 67; Parkhurst v. Machine Co., 65 Hun, 489, 20 N. Y. Supp. 395; Chambers v. Ferron (Sup.) 56 N. Y. Supp. 338; In re Caffrey, 52 App. Div. 264, 65 N. Y. Supp. 470.

Appeal dismissed, with costs, unless within 10 days appellant shall procure the filing of a return, and pay costs of this motion.