CLARA A. HARDING, Respondent, *v.* JOHN H. PRATT, Appellant.

(County Court, Orleans County, February, 1902.)

Strays upon highways, Code C. P., ch. 19, tit. X — New trial in County Court in a special proceeding — Presumption that the value of twenty-eight cattle exceeded fifty dollars.

In view of the fact that the statute as to animals straying upon a highway requires payment out of the proceeds of their sale of costs, justice's fees, damages and a fine for the benefit of the poor of five dollars for each animal, where a woman obtains, in a contested special

proceeding taken under the statute, a justice's order declaring her
entitled to such relief against twenty-eight head of cattle that entered
from the highway and trespassed upon her premises, it will be as-
sumed for the purposes of an appeal by their owner that their total
value, although not shown, exceeded fifty dollars and hence he is
entitled to. a new trial in the County Court and is not limited to an
appeal from the order.

MOTION to dismiss appeal.

Benjamin E. Williams, for motion.

Alva A. Sturges, opposed.

SIMONDS, J.   On the 10th day of September, 1901, Clara A.
Harding, the respondent, seized twenty-eight head of cattle be-
longing to the appellant, John H. Pratt.   On the following day
she filed a petition with a justice of the peace of the town of
Gaines, Orleans county, setting forth, among other things, that
said twenty-eight head of cattle, which she fully described, were
strays, and had entered upon premises occupied by petitioner in
said town, and asked that a precept be issued requiring the owner
of the cattle to show cause " why said cattle should not be sold and
the proceeds of such sale applied pursuant to the statutes in such
case provided."

Upon the return day of the precept Pratt appeared and filed
a verified answer, and upon an adjourned day the issues framed
by the petition and answer were tried before the justice of the
peace without a jury, and the justice found in favor of petitioner
that the twenty-eight head of cattle were strays running at large
upon the highway and escaped therefrom upon the premises of
the petitioner, and for sixty cents damages and ten dollars and
sixty-five cents costs, and added, " Now on motion of Clara A.
Harding it is hereby ordered that the said animals be sold and
the proceeds thereof be applied as prescribed in chapter 19 of
title 10 of the Code of Civil Procedure."

On October second the appellant served his notice of appeal,
and with the same gave an undertaking in the sum of $400, with
which he filed an order of the Hon. W. Crawford Ramsdale,
county judge of Orleans county at that time, reciting that an

appeal had been taken and security given therein as prescribed by section 3105 of the Code of Civil Procedure and staying the final order, and that the possession of the animals seized be delivered to appellant. In his notice of appeal, the appellant states that it is from a judgment of $140.60 damages (a statement at variance with the verbiage of the finding and order), and for $10.65 costs, and he demands a new trial in the County Court.

The motion is to dismiss this appeal. The questions arising under this motion are principally two.

*First.* Has the appellant any right to a new trial in the County Court.

*Second.* If the appellant has no right to a new trial in the County Court, may the demand for a new trial in the notice of appeal be treated as surplusage, be disregarded, and his appeal heard before the court on argument?

Considering these questions in their inverse order, I have no hesitancy in saying that if this be a case where the appellant as a matter of law, is not entitled to a new trial in the County Court, still he is entitled to be heard by the court upon argument His appeal cannot be dismissed without a hearing on the case because he has asked for more than he may be entitled to have. The fact that he has made a demand for a new trial when he is not entitled to that right adds nothing to, neither does it take anything from, his right to be heard by the court upon the original papers and proceedings or verified copies thereof. And the law and practice regarding this question have been too thoroughly discussed and clearly established to require any further elucidation. Kimball v. Rich, 20 N. Y. St. Repr. 153; Matteson v. Hall, 64 How. Pr. 515.

The first question, as to the right of the appellant to a new trial in the County Court in this proceeding, is a subject that is quite obscure, with no settled authority to aid one in a correct determination of it. It opens up a new field for discussion and is surrounded by very deep shadows with such scanty light.

Section 3104 of the Code of Civil Procedure says " Within ten days after a final order upon a petition is made, as prescribed in this title, an appeal therefrom may be taken by the petitioner, or by the person answering, in like manner as an appeal from a judgment of the justice in an *action* to recover a sum of money,

equal to the value of the animal or animals, and the *proceedings* thereupon *are* the *same,* except as otherwise prescribed in the next section."

Section 3105 has reference to the undertaking, stay and surrender of the possession of the animals. All of which the respondent concedes upon the argument of this motion, have been complied with, but contends that the appellant has not the right to a new trial; and having in this notice of appeal asked for a new trial without a right thereto, his appeal must be dismissed.

Section 3068 defines the instances in which a new trial in the County Court may be demanded as a matter of right, to be " Where an issue of fact or an issue of law was joined before the justice, and the sum, for which judgment was demanded by either party in his pleadings, exceeds fifty dollars; or where in an action to recover a chattel, the value of the property, *as fixed,* together with the damages recovered, if any, exceeds fifty dollars."

Title 10, comprising the law pertaining to strays, provides for *actions* to recover penalties in sections 3082 and 3083, and the action is commenced by summons in the usual way, a complaint stating the cause and what penalties are sought to be recovered in a *judgment.*

Section 3099 provides for an *action* by the owner in case his animals are willfully set at large and a judgment may be recovered. The other proceedings under title 10, under the provisions of sections 3084 and 3085 are special proceedings instituted by petition and precept, but section 3090 provides that when issue is joined " The subsequent proceedings must be the same as in an *action,* * * * except as otherwise specially prescribed in this title." And section 3091 provides that upon the trial, if the decision is in favor of the petitioner, the justice must make a final order directing sale of the animals seized, and the application of the proceeds of the sale, as prescribed in section 3092.

Now is not the final order a judgment? Upon the trial is not the decision of the justice a finding upon the facts, to the effect, that the animals seized were strays, and were trespassing upon the real property occupied by the petitioner and the judgment or conclusion of law upon that finding, the final order, that the animals be sold and the proceeds of sale pay the costs and expenses allowed by subdivisions 1, 2 and 3, of section 3092, which

up to that point are allowed for pursuing the remedy. And then the penalties prescribed in subdivision 4 of that section of $5 per head in this case amounting to $140 on the 28 head of cattle. This proceeding so far as the distribution of the proceeds of the sale is remedial up to said subdivision 4, when it becomes penal in its nature, making the proceeding in part remedial and in part penal. So that if an *action* instead of a *special proceeding* were allowed to be instituted for the recovery of those penalties, plaintiff would, in fact, demand a judgment in such case, from the facts before us, for $140, and the other sums paid to him and to the justice would be allowed to him for pursuing the remedy. And in presenting his petition to the justice herein, does not the petitioner ask for a judgment for the payment of $140 out of the proceeds of a sale of those animals, as a penalty besides the costs and allowances for pursuing the remedy?

What is meant in section 3104 by the provision that an appeal may be taken by either party "in like manner as an appeal from a *judgment* of the justice in an action to recover a sum of money, equal to the value of the animal or animals." In this case there is no time or place where or when the value of the animals is fixed, and no law is prescribed saying who shall fix the value of the animals; and the question arises, may we not presume that they were of the value at least of the penalties sought to be recovered from a sale of them in absence of other proof of value which doubtless can be made? It would seem to me that the Legislature did intend that either party might have the right to a new trial in the County Court if the value of the animal or animals arrested exceeded $50. If it were not so intended why was anything said about any sum of money; or the value of the animals, in section 3104. If the party aggrieved could only be heard by the court on argument, why should the Legislature have gone beyond the words in that section "in like manner as an appeal from a judgment of the justice in an action," and have added "to recover a sum of money, equal to the value of the animal or animals." I take it that those added words mean something. That they intend a right greater than a hearing before the court on argument as prescribed by section 3062, and that if the animals exceed in value $50 a new trial can be had in the County Court by demanding it as prescribed in section 3068.

Title 10 of chapter 19 was largely taken from chapter 814 of the Laws of 1867, which was an amendment to and substantially a re-enactment of chapter 459 of the Laws of 1862.

Section 6 of chapter 814 aforesaid, in relation to appeals, reads as follows: " Such appeal can only be taken from the finding or determination that cause exists or does not exist for the sale aforesaid." The Legislature in codifying the law has omitted that restriction, and its omission, under the circumstances, may be considered significant. Then, too, when chapter 814 aforesaid was in force, in a proceeding of this kind, which was taken to the Court of Appeals, Cook v. Gregg, 46 N. Y. 443, it appears that no penalty was imposed where the animal was seized while trespassing, but simply the costs and allowances for pursuing the remedy, and the statute only authorized a penalty when the animal was running at large upon the highway.

But under the Code there is not only the allowance for pursuing the remedy but the petitioner practically undertakes to recover a penalty under subdivision 4 of section 3092, and as indicated by section 3106, as a trustee for the officer entitled to receive that penalty.

Respondent may say that there is no issue wherein either party has demanded a judgment for a sum exceeding $50, which will authorize a new trial in the County Court under section 3068. It is true there is no formal demand in so many words for a judgment for a sum which exceeds $50. But is such a formal demand in so many words absolutely required? I think when from a pleading a person of common understanding is enabled to know that a judgment for a sum exceeding $50 is intended to be claimed by the pleader the appellant is entitled to a new trial in the County Court. Matteson v. Hall, 64 How. Pr. 515.

In this proceeding the petitioner sets forth facts in her petition which, if true, would entitle her to a finding that those twenty-eight animals were strays and trespassing upon real property occupied by her, and she substantially asks for a judgment in the term of a final order that she, as trustee for the officer entitled to receive a penalty for the benefit of the poor be allowed to recover out of the proceeds of a sale of those animals $140 as a penalty. And that she recover for herself the costs and allowances given by subdivisions 1, 2 and 3 of section 3092 for pursuing the remedy.

That the demand is for $140 penalties any person of common understanding would know, although it is not expressly stated in so many formal words. The petition and answer furnish the issue, and from the facts proven under the issue is to be determined whether the penalty of $140 can be imposed upon the defendant to be collected out of the sale of his cattle.

The attorney for respondent raises the question that, this being a special proceeding, no new trial can be had. True it is a special proceeding, but the statute, section 3090, says, that when issue is joined, " further proceedings are the same as in an *action.*" And section 3104 prescribes that the appeal shall be taken in the same manner as in an action. So that into this special proceeding there is by special provision of law injected all of the rights accorded litigants in an action. For all purposes then, the proceeding, when issue is joined, is an action, the final order is a judgment, from which an appeal to be heard by the court may be taken; or from which, if the value of the animals seized, or the amount demanded in penalties, exceeds $50, a demand for a new trial in the County Court may rightfully be made in a notice of appeal.

I think that the case Matter of Rafferty, 14 App. Div. 55, cited upon respondent's brief (same case in 43 N. Y. Supp. 760) does not apply to appeals to the County Court. It was held by the Appellate Division in that case that that court had no jurisdiction of an appeal from the decision of the County Court where a special proceeding was instituted in a Justice's Court, as there was no provision of the statutes giving them such jurisdiction. An entirely different condition exists in the case of an appeal to the County Court which is expressly given jurisdiction by statute. Authority is given to take an appeal in this proceeding " In like manner as an appeal from a judgment of the justice in an *action* to recover a sum of money, *equal* to the value of the animal or animals."

In the absence of this statutory authority the County Court would doubtless experience the same condition of a lack of jurisdiction, that obtained in the Rafferty case in the Appellate Division.

The motion is denied with ten dollars costs.

Motion denied, with ten dollars costs.