(109 App. Div. 634)

### BARRUS v. PARSONS.

(Supreme Court, Appellate Division, Fourth Department. November 29, 1905.)

1. APPEAL—DECISIONS REVIEWABLE—SUMMARY PROCEEDINGS.

 Code Civ. Proc. § 2260, relating to summary proceedings, and providing that an appeal may be taken from a final order to the same court and in the same manner as where an appeal is taken from a judgment rendered in the court of which the justice is the presiding officer, and with like effect, does not authorize an appeal from a County Court to the Appellate Division of the Supreme Court in a summary proceeding originating before a justice of the peace.

 [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 169.]

2. SAME.

 Code Civ. Proc. § 1357, limiting the right of appeal to the Appellate Division of the Supreme Court to orders made by a court of record or a judge thereof in proceedings instituted in that court or before a judge thereof, does not apply to a summary proceeding originating before a justice of the peace and transferred to the County Court on appeal.

 [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 169.]

3. SAME.

 Code Civ. Proc. §§ 1340, 1342, authorizing an appeal to the Appellate Division of the Supreme Court from a final judgment of a County Court and from an order affecting a substantial right made by the court· or a judge in an action, etc., apply to appeals from judgments and orders made in actions, and not in special proceedings.

 Williams, J., dissenting.

Appeal from Cayuga County Court.

Action by Donnie Barrus against David Parsons. From an order of the County Court made in summary proceedings instituted before a justice of the peace, plaintiff appeals. Dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

 James Wright, for appellant.
 Amasa J. Parker, for respondent.

HISCOCK, J.   In our opinion no appeal lies to this court from the determination of the County Court in these proceedings, they having been originally instituted in justice's court, and the appeal must be dismissed.

The decision of the question whether a second appeal may be taken from the determination of the County Court upon appeal in summary proceedings instituted before a justice depends upon the consideration of certain provisions of the Code of Civil Procedure.   Section 2260, which is found in chapter 17, tit. 2, relating to summary proceedings, provides that:

"An appeal may be taken from a final order, made as prescribed in this title, to the same court, within the same time, and in the same manner, as where an appeal is taken from a judgment rendered in the court of which the judge or justice is the presiding officer, and with like effect, except as otherwise prescribed in the next two sections."

The next two sections do not affect this appeal.

It is suggested that the provision in section 2261 to the effect that "an appeal cannot be taken to the Court of Appeals, from a final determination of the Appellate Division of the Supreme Court upon such an appeal, unless the latter court by an order  *  *  *  allows it to be taken," implies that an appeal may be taken in such a case as this to the Appellate Division.   That, however, is not the natural reading. Under section 2260 an appeal might be taken to the Appellate Division from an order or judgment of the County Court when the summary proceedings originated in that court or before a judge thereof, and then the provision of section 2261, above quoted, would be applicable, and it is not at all necessary, or even natural, to assume that force can be given to this provision of section 2261 only upon the theory that an appeal may be taken to the Appellate Division in summary proceedings instituted before a justice of the peace.

Assuming, then, that this appeal does not come within any exception mentioned in section 2260, it is quite clear that that section does not authorize or recognize a second appeal such as is being attempted here.   It clearly provides for one appeal, which, in the case before us, would be from the determination of the justice to the County Court.   When we turn from the sections already referred to, especially relating to appeals in such a matter as this, to the provisions of the Code generally relating to appeals, we fail to find anything there which authorizes the present appeal to this court.

Section 1356 provides:

"An appeal may be taken to the Appellate Division of the Supreme Court, from an order, affecting a substantial right, made in a special proceeding, at a Special Term or a Trial Term of the Supreme Court, or made by a justice thereof in a special proceeding instituted before him, pursuant to a special statutory provision;  or instituted before another judge, and transferred to, or continued before him."

It is manifest that this section is not applicable.

Section 1357 provides:

"An appeal may also be taken to the Appellate Division of the Supreme Court from an order, affecting a substantial right, made by a court of record, possessing original jurisdiction or a judge thereof, in a special proceeding instituted in that court, or before a judge thereof, pursuant to a special statutory provision; or instituted before another judge, and transferred to, or continued

before, the judge who made the final order. But this section does not apply to a case where an appeal from the order to a court other than the Appellate Division of the Supreme Court, is expressly given by statute."

This section limits the right of appeal to this court to orders made by a court of record or a judge thereof in proceedings "instituted in that court, or before a judge thereof," and it does not apply to this proceeding which was transferred to a court of record only upon appeal.

It is, however, urged in behalf of the appellant that section 1340 of the Code will authorize this appeal upon the ground that the determination of the County Court was a "final judgment," and therefore comes within the provision of the section mentioned, to the effect that:

"An appeal may be taken to the Appellate Division of the Supreme Court, from a final judgment rendered by a county court * * * where an appeal therefrom to a court other than the Supreme Court is not expressly given by statute."

It is also suggested that, if the determination of the County Court be regarded as an order, then an appeal may be taken under section 1342 of the Code which provides that:

"An appeal may also be taken, as provided by section thirteen hundred and forty, from an order affecting a substantial right made by the court or a judge, in an action brought in, or taken by appeal to, a court specified in the last section."

The provisions last quoted, however, either by their plain terms or through the legal definition of the words used, refer to an appeal from judgments and orders rendered and made in actions, and not in special proceedings. Section 1342 in terms limited the order from which an appeal may be taken to one rendered in an action, and the word "judgment," used in the first section, means a judgment in an action which is clearly distinguishable from a special proceeding, such as a summary proceeding to recover possession of lands. Section 3343, subd. 20, Code.

We do not overlook the fact that in Warner v. Henderson, 25 Hun, 303, a conclusion was reached upon this matter different from that now entertained by this court. The reasoning adopted in that case, however, does not seem to us to be warranted by the statutory provisions which are applicable, and the construction placed by us upon the latter is in accordance with the more recent decisions. Matter of Rafferty, 14 App. Div. 55, 43 N. Y. Supp. 760; In re Soop (Sup.) 94 N. Y. Supp. 463.

While it may seem somewhat harsh that a petitioner, succeeding in summary proceedings before a justice of the peace, and then defeated upon appeal in the County Court, should not have the right to further review in this court, as in an ordinary action, still we must recognize the power of the Legislature to accomplish that result, if so desired. And, bearing upon the present condition of the Code in this respect, it is to be borne in mind that concededly under chapter 193, p. 291, Laws 1849, relating to summary proceedings, the decision of the County Court on appeal from the determination of the justice of the peace was final, and no further appeal permissible.

The appeal must be dismissed, with costs.

Appeal dismissed, with $10 costs and disbursements. All concur, except WILLIAMS, J., who dissents.