### BUFFALO GRAIN CO. v. RYAN ELEVATING & FORWARDING CO.

(Supreme Court, Special Term, Erie County. May 5, 1910.)

1. COURTS (§ 52*)—TRANSFER OF JURISDICTION—STATUTES REGULATING APPEALS—CONSTRUCTION.

   Laws 1909, c. 570, which established the City Court of Buffalo, became a law May 29, 1909. Section 116 abolished the Municipal Court of Buffalo from and after December 31, 1909, and the City Court became its successor. Section 118 continued all actions pending in the Municipal Court to the City Court. The trial of an action was finished December 21, 1909, but judgment was not rendered until February 17, 1910. March 9, 1910, defendant served notice of appeal to the Supreme Court demanding a new trial in the Appellate Court; the review being on exceptions to rulings. By the Municipal Court act defendant was entitled to a new trial in the Supreme Court, but not by the City Court act. Plaintiff moved to dismiss the appeal because defendant was confined to the relief of new trial on appeal, and if that could not be had his appeal must fail. *Held*, that defendant was entitled to have its appeal heard upon the return of the court below, even though not entitled to a trial de novo in the Supreme Court.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 52.*]

2. COURTS (§ 52*)—STATUTES REGULATING APPEALS—CONSTRUCTION.

   Under Laws 1909, c. 570, § 118, providing that actions then pending in the Municipal Court of Buffalo were continued before the City Court,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parties to actions pending in the Municipal Court had no right to a new trial in the Appellate Court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 52.*]

3. CONSTITUTIONAL LAW (§ 111*)—VESTED RIGHTS—RIGHT TO APPEAL.

The right to appeal is not a vested right, and it may be abridged or taken away during the pendency of the action.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 267–269; Dec. Dig. § 111.*]

4. COURTS (§ 52*)—CITY COURT ACT—PURPOSE OF STATUTE.

Laws 1909, c. 570, § 118, providing that actions then pending in the Municipal Court of Buffalo were continued in the City Court, was simply designated to prevent pending actions from abating, and it was not the purpose of the Legislature to make all provisions of the old Municipal Court act applicable to pending cases until their final disposition.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 52.*]

Appeal from Municipal Court of Buffalo.

Action by the Buffalo Grain Company against the Ryan Elevating & Forwarding Company. Judgment for plaintiff, and defendant appeals. Heard on plaintiff's motion to dismiss the appeal. Motion denied.

Carlton Ladd, for the motion.

Joseph Wechter, opposed.

WHEELER, J. The plaintiff recovered a judgment against the defendant in the City Court of Buffalo for the sum of $494.03, damages, and $31.15, costs, on the 17th day of February, 1910. The action was begun in the Municipal Court of Buffalo.

By chapter 570 of the Laws of 1909, which became a law May 29, 1909, the City Court of Buffalo was established. By section 116 of the act, the Municipal Court of Buffalo was abolished "from and after midnight of the thirty-first day of December, nineteen hundred and nine," and the City Court became its successor, and by section 118 all actions then pending in the Municipal Court were continued before the City Court established by the act.

The trial of this action was finished on the 21st day of December, 1909, but judgment was not rendered until the 17th of February, 1910. On March 9, 1910, the defendant served notice of appeal from the judgment to the Supreme Court, in which notice the defendant demanded a new trial in the appellate court.

By the provisions of the Municipal Court act, the defendant was entitled to a new trial in the Supreme Court where the amount in controversy exceeded $250. By the provisions of the City Court act, the right to a new trial in the Supreme Court is not given, and the review is upon exceptions and rulings of the court below. The plaintiff, therefore, moves to dismiss the appeal upon the theory that, inasmuch as the appeal demanded a new trial, the defendant is confined to that relief, and, if that relief cannot be had, his appeal must wholly fail.

The plaintiff relies on the case of Thorn v. Roods, 47 Hun, 433, decided by the General Term of the Third Department, where it was

held that the Code of Civil Procedure provided, for two classes of appeal in cases where the amount in controversy exceeded $50, viz., one for a new trial in the court above, and the other for a reversal of the rulings of the court below, on the return made; and that, having elected to take one of the remedies, the appellant could not avail himself of the other.

The decision of the question, however, came before the courts again in the case of Kimball v. Rich, 3 N. Y. Supp. 248, where the Superior Court of Buffalo declined to follow the rule laid down in Thorn v. Roods, and after reviewing and interpreting the provisions of sections 3044, 3046, 3062, and 3068, of the Code of Civil Procedure, held that, in cases where a new trial could not be had in the appellate court, the appeal would not be dismissed because the appellant demanded a new trial in his notice of appeal. This decision was followed and reaffirmed in that of Longrill v. Downey, 7 N. Y. Supp. 503, rendered again by the General Term of the Superior Court of Buffalo, and still later by the case of King v. Norton, 36 Misc. Rep. 53, 72 N. Y. Supp. 591, where Mr. Justice Kenefick of this court, wrote the opinion.

In view of this line of decisions, we are of the opinion that the defendant is at least entitled to have its appeal heard upon the return of the court below, even though it may not be entitled to a trial de novo in this court.

It is, however, contended that the defendant is entitled to a new trial in the appellate court because, by section 118, it is provided that:

"No suit or criminal action or other proceeding which shall be pending before said courts or the judges thereof [i. e., the Municipal Court, and other courts abolished], at midnight on the 31st day of December, nineteen hundred and nine, shall abate or be any wise affected by the passage of this act, and all such actions or proceedings so pending shall thereafter be continued before the City Court of Buffalo, established by this act."

The argument of the defendant is that this clause of the act saves to parties to actions pending in the Municipal Court the right to a new trial in the appellate court. We do not think such the proper interpretation of the section in question. The right to appeal is not a vested right. Ryan v. Waule, 63 N. Y. 57. This right of appeal may be abridged or taken away during the pendency of an action. The court in that case said:

"The fact that this cause was pending, or the recovery was had before the enactment of the law of 1874, does not take the case out of the operation of the statute. The right to appeal is not a vested right, but it is one of the remedies at all times within the discretion of the Legislature, and to be dealt with as that body shall deem wise. Retroactive effect is not given to the statute by applying it to all appeals brought after it became a law. It did not affect appeals already brought; but it was only operative as to future appeals, and the fact that it may have taken away the right to appeal in some cases in which it existed before does not render it any the less an act prospective in its operation."

In the recent case of Laird v. Carton, 196 N. Y. 170, 89 N. E. 823, the court said:

"Statutes regulating legal remedies are generally construed as operative upon an existing condition of things as well as upon conditions to arise after

their enactment. Where a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending, and future actions."

Construing section 118 in the light of this rule, we are of the opinion that it was the purpose of the act to do away with new trials in the appellate court, and that the saving clause was simply designed to prevent pending actions from abating, and continuing them in the new City Court, and that it was not the purpose of the Legislature to make all the provisions of the old Municipal Court act applicable to pending cases until their final disposition.

The motion to dismiss the defendant's appeal is denied, with $10 costs of the motion.