HOWARD B. COWING, Respondent, *v.* FRED CARPENTER, Appellant.

County Court, Chautauqua County, February, 1927.

**Appeal — County Court — return by Justice Court must contain evidence where new trial not asked — appellant will be given opportunity to perfect appeal by filing further return — appeal will be dismissed if not perfected within ten days.**

On an appeal to the County Court from a judgment in Justice Court, taken for an argument and not· for a new trial, the return on appeal must contain a transcript of the evidence of the trial in Justice Court. However, this appellant, whose return does not include a transcript of the evidence, will be given an opportunity to perfect his appeal by filing a further return; if the appeal is not perfected within ten days, the appeal should be dismissed on application of respondent.

MOTION to dismiss an appeal taken by defendant from judgment in favor of plaintiff rendered in Justice Court.

*Rogerson & Clary,* for the appellant.

*Nathan D. Lewis,* for the respondent.

OTTAWAY, J. An appeal has been taken by the defendant from a judgment in favor of the plaintiff. On the trial in Justice Court a stenographer was employed to take the evidence. The stenographic minutes have not been transcribed. An appeal has been taken for an argument and not for a new trial in County Court. Defendant in taking the appeal paid to the justice the usual fees required for making a return on appeal. He did not pay the necessary fees of the stenographer for transcribing the evidence and did not cause such evidence to be transcribed and attached to the return.

It does not appear that such an order has been made in this case.  As it will undoubtedly be impossible to determine this appeal (which is an appeal for an argument) without the filing of this evidence the court will on proper application make an order requiring a further return to include said evidence.  As a condition of that order this court would probably direct that the appellant pay the expense of transcribing said evidence, the same, however, to become a part of the costs which shall abide the event of this action.  Should the appellant refuse to make such payment within ten days after the service of proper order therefor the appeal should be dismissed, with costs.  It is always the duty of the appellant to so perfect his appeal that the matter can be properly presented to the appellate court.  In the case before us proper record apparently required the stenographic minutes and the party taking the appeal must attend to the securing of same.  (See *King* v. *Norton*, 36 Misc. 53, 54.)

As the matter now stands motion to dismiss the appeal is denied, without costs.